This is Alimbaev v. Atty Gen Mr. Rednick You may proceed May it please the court, my name is Lawrence Rednick I represent the petitioner Alimbaev and I would ask her to reserve two minutes for rebuttal time This is the second time this case has been before the court The first time it was remanded on motion of the government and the government's motion for remand back to the Board of Immigration Appeals tracked carefully the arguments made by the petitioner regarding the second board decision in which the board tramples on the fact finding made by the immigration court On remand, instead of addressing the specific issues the board simply invokes by language the clearly erroneous rule to overturn the fact findings that it disregarded in the first two board decisions and they do precisely what Judge Jordan said they should not do in the Huam case, which is pick and choose parts of the record and have that be a basis to reverse the IJ's credibility findings That may be true, but before we get to that I want to ask you about our standard of review as well What is it that we have to do as we're looking at what the BIA did here in reviewing the IJ's decision? What are we bound to do? What lens are we supposed to put on this? There are three categories of relief and there are different levels of review For the adjustment of status application The green card application based on marriage to the U.S. citizen The ultimate discretionary decision of the BIA is insulated from review We can't look at it at all, right? The ultimate judgment This court in Perija, which was not an adjustment of status case but it was a cancellation of removal case like the one earlier today says that this court has authority to review issues of law and flawed fact finding and that's exactly what we have here Issues of law, number one, the misapplication of the clearly erroneous rule The clearly erroneous rule, if it means anything it does mean that the immigration judge who wrote a thorough 37 page decision can't have it nitpicked on two or three facts that the board disagrees with But what the board could do, could it not? Is to say, look, you're entitled to make those findings a fact We're entitled to make an unreviewable decision in our discretion delegated to us from the attorney general to say you may think what you think and I have to accept that if it's not clearly erroneous but in weighing it all ourselves, we just still don't like the risk So, he loses on adjustment of status If they had proceeded in that way, hypothetically and they just accepted the fact finding of the IJ but said, we still don't like the way this looks we're not comfortable with the risk That would be something we couldn't look at, is that right? Well, you could still look at subsidiary legal conclusions and findings of fact and again, this would be, if the board hadn't invoked the clearly erroneous well, we'd be where Huang was, or Kaplan was which is the board trampled the clearly erroneous rule explicitly Whereas here... I'm asking you to engage with this hypothetical Assume that the board said, we're obligated, we're not going to quote nitpick we're accepting your findings of fact because we're not going to say they're clearly erroneous and yet, when we look at the things that are out there we're still uncomfortable with adjusting the status for this individual We think there's still too much of a risk even if we disbelieve Ms. Chapman and we do believe his present wife Given all that, we still don't like it That's a discretionary decision that we couldn't review, is that right? Correct. How to actually weigh the facts properly found is for the board What is the remedy you're asking? Because doesn't this go to whether even if we were to find legal error in the rejection of the credibility findings an application of a clear error standard wouldn't that simply mean the remanding for re-weighing on adjustment of status or for the BIA to address with those credibility findings whether your client has met his burden as to the other relief that he seeks What we're asking for the BIA to be required to decide the case on the facts found by the IJ because the facts found by the IJ in its decision and hypothetically they could have written a different decision but they didn't They wrote a decision that said we believe Ms. Chapman we don't believe the petitioner and that just tramples on the clearly erroneous rule The judge heard the testimony He was the trial judge He saw the witnesses If there's ever a case where the clearly erroneous rule would apply this would not be it He had a choice I believe A or I believe B He believed A He believed the petitioner He didn't believe the witness It seems to me that's not the kind of perceived error that a court of appeals would apply to a district court decision or that the board should apply And the standard of review on this as articulated in the Lynn case from the Second Circuit is that this court has de novo authority to decide whether the board properly applied the clearly erroneous rule But you're not arguing as to any of the grounds for relief any of the claims that you're not asking this court to rule as a matter of law on the relief as in Yusupov We cannot ask this court for the same relief as in Yusupov because of the statutory bar That was taken out by the 1996 amendments, unfortunately But the court can make the agency decide the case on the correct facts and apply the correct law There's a number of legal errors and I also want to talk about the withholding claim Before you do that I think Judge Stern's got a question I'm sorry Actually, trying to follow up on Judge Jordan's question If the BIA had accepted all of the fact findings of the IJ but then simply said you weighed them incorrectly you gave too much weight to credibility and not enough weight to evidence of that video case Would that be insulated for any review? Even if we thought that they had gotten the formula misbalanced There may be some point at which the decision is so irrational as to require review The court certainly has authority to require an agency to articulate its reasons But you haven't made a constitutional argument No There's no argument here that this was so far gone it was unconstitutional You've made a pure, straight up legal challenge to the application Correct that the BIA made of the standard of review with respect to clear error, right? Correct So the answer to Judge Stern's question as it was to mine is yeah, they could do that and that's insulated from review, right? Largely, if not completely Yes And they may well do that on remand They could If we were to agree with your position They could I would hope that the board if properly instructed as I believe the court would instruct them would be to decide the case on the facts found by the immigration court and that would greatly alter the assessment of hardships I mean, if you don't credit Chapman's testimony you don't have the bad character issue You have other legal issues The board diminishes the status of an immediate relative Congress has given the status of immediate relatives people married to U.S. citizens a high status even recognized by the agency and it's disdained by the BIA in this case by the BIA simply saying well, they got married while they were in removal proceedings Before we address particular pieces of evidence just to go back to the scope of the issues and your reason and appeal the fact finding that you are taking issue with relates simply to credibility the credibility finding Is that right? And cooperation Looking at the way the statute reads and the Department of Justice regulation the statute says the trier of fact and this is section 208 of the Immigration Act 1158 of the U.S. Code the statute says the trier of fact determines the facts and considers and gives and tells them what to consider and says the trier of fact also determines the need for corroboration The immigration judge was satisfied with the corroboration in particular because Does that mean that the BIA is foreclosed from saying when we look at it you might have thought you didn't need corroboration but this is something that we would have thought there would be corroboration on and we're troubled by it I think if they do that it has to go back to the IJ because the statute says the IJ is the trier of fact I'm sorry your honor But they could say that right? They could There is an issue here You point out that the IJ gave a thorough and detailed decision but was there a problem with the IJ saying you know what in effect I don't like what the BIA did the first time so I'm reopening I'm dealing with this adjustment of status issue again How can a system function in a hierarchical decision making organization if the court of first instance as you've analogized the IJ to is free to say I really don't like what the appellate tribunal did so I'm doing this over myself Well they have a very idiosyncratic rule maybe not one that you or I would pick but Immanuel Patel as affirmed in this court's decision in Johnson says that unless the board retains jurisdiction over the case and remands for a limited purpose the IJ is free on remand to consider any issues Even though the BIA has covered the territory rendered a decision spoken specifically to it the IJ is free to say yeah I don't like what you did Correct I'm doing it again Yeah, correct And I don't think the government even defends the BIA's position on this The way I read the government's brief is they're claiming harmless error They're saying well they reached the merits so you don't have to worry about that issue But they're clearly wrong The matter of Patel is a binding precedent decision a binding third circuit precedent that says that on remand in the third circuit case in Johnson the judge had denied asylum application the first time It went back on the what we call the CAT claim Convention Against Torture claim and then the IJ said you know what I'm going to reconsider the asylum claim and granted the second asylum application It's exactly this case It couldn't be more on point So while there may be more there may be other rules that foster more efficiency that's not the rule this agency uses As to the asylum claim the BIA noted the one year time bar What is it about the about any credibility finding that would give any ground for us to revisit the BIA's conclusion as to the time bar on asylum With regard to the time bar it's not revealable We can't argue this asylum case except in so far as the board adopted its asylum fact finding to deny the other two remedies which are not time bar the withholding of removal because the IJ determined that this individual would be subject to his life of freedom would be under threat in Uzbekistan and for very good reasons and also decided that predicting the future facts that when he went back he'd be identified as a Muslim of the type that's considered to be subject to persecution Well wait a second that looks like maybe the rabbit goes in the hat right there Is it the case that deciding whether there's going to be persecution is a question of fact or law The fact finding about you know you might be identified you might walk in and find you're having trouble that may stand but whether that reaches well I got two questions for you First whether the facts put forward are sufficient to meet the preponderance of evidence standard that both withholding of removal and the CAC claim require that's a legal question isn't it Correct So the board could accept the fact finding of the IJ on those and say but it doesn't rise to the level of a preponderance in our view and that would not be something that is fact bound but is a legal point Right that would be an error of law and I'm much more comfortable with that scenario because this court has jurisdiction as it did in Yusupov I mean the board couldn't do what they did in Yusupov and say okay the facts are the facts we still don't we still find the ground of preclusion and this court can then rule as a matter of law that's not correct this court has the authority on the withholding and the convention against torture claims to decide legal error the ultimate judgment is before the court and whether and the second question is whether or not the facts found are sufficient maybe this is saying the same thing twice are really sufficient to say that means persecution is likely to happen again that's the legal point that the BIA is entitled to reach a decision on the BIA has plenary authority but not absolute discretion right it's the distinction their plenary authority to decide whether the facts found by the IJ objectively amount to reasonable grounds of persecution whether they amount to a preponderance of the evidence that the individual's life or freedom would be threatened or whether the individual would be subject to torture under the convention against torture you agree that asylum is off the table at this point yeah this court's made clear several decisions you had also raised earlier in your argument as you were chatting the ex-wife's testimony you referenced in your brief that there was clear error in the IJ's findings by the BIA as you call it re-weighing the ex-wife's testimony is it your position that the IJ didn't make a credibility finding so that what the BIA was doing was in fact re-weighing or that there's an implicit credibility finding that should be reviewed for clear error certainly the latter it's an implicit credibility finding and then the judge makes that clear later on it is somewhat ambiguous in the beginning of his opinion and he still doesn't want to call her a liar but later on he says look I've got a choice I either believe Allenbeff or I believe Chapman and I believe Allenbeff so that's I think more than an implicit I think it's almost explicit fact finding what do we do with the fact that those issues as to the fact finding and the credibility determination for specifically part of the order on remand the and the IJ knew as of the second hearing what the BIA's concern was nonetheless the IJ even in the second order didn't make an explicit credibility finding and the BIA in its review then is treating that as something it can address as an open question there's no the board says it's a clear aura finding the board treated it as a fact finding in its decision the board says this finding with regard to the ex-wife's testimony Chapman is an error of law it's an error of fact it's a clear aura and they proceed to explain why they the board why they would accredit her testimony it's very thin what the board says is why they would accredit the testimony it's certainly not enough to make the fact finding of the person the judge who heard the evidence they basically claim that that she should be believed rather than the than the applicant because basically they preferred preferred her testimony which is not the clearly erroneous standard okay thank you very thanks very much Mr. Rennick Mr. Schmueler am I saying your name right sir? you're you're you're up and I afraid I just murdered your name how do you say it sir? you actually got it correct which is the rare circumstance so I thank you for that your honor good morning may it please the court it is Daniel Schmueler on behalf of the United States Attorney General alright your honors there is no issue before the court that's susceptible to review the court lacks jurisdiction to review the discretionary denial of cancellation of removal and to be clear there's no dispute that Mr. Allen is statutorily eligible this rests entirely on the discretionary denial and the INA and in this court's case law is clear that there is no jurisdiction to review that matter well how come we why aren't we free to review errors of law even if we're not free to review the ultimate discretionary decision in other words speak directly to Mr. Rennick's point which is if the BIA ignores the standard of review it is required by its own regulations to apply that is something that we are entitled to say and we have to step in and correct had that occurred there would be an error of law for this court to review but that did not occur in this case so they say it did occur you say it didn't occur but whether it occurred or not is a question of law which we can review we're not stripped of jurisdiction to answer the question whether or not the BIA ignored the clearly erroneous standard imposed on it by its own regulations right? that is correct your honor the court always has jurisdiction to ascertain whether it has jurisdiction but a mere a limited review of simply does this rise to the level of a cognizable and colorable legal claim will reveal that such a claim does not exist in this case and therefore there is a lack of jurisdiction speak to Mr. Rennick's point and we've spent a lot of time looking at the record in this case it sure looks like the BIA really did not like the IJ's fact finding but where is it clear error to say I saw them both testify I thought she was not believable Ms. Chapman had bias I thought Mr. Limabeau he was believable and so I credit that why isn't that the classic he said she said dispute as to which appellate tribunal is always obligated to defer to the judge on the scene who saw and heard the testimony because your honor the IJ both in 2010 and 2014 in the 2010 decision I'll cite to his page 1132 of the record in 2014 is page 229 of the record made a limited credibility finding insofar as Chapman was credible I'm going to give her testimony little weight for several reasons including well they were divorced and the FBI paid her a thousand dollars that is very different from an adverse credibility finding which was not made again twice in this case the IJ had it and on two occasions he afforded her testimony limited weight but ultimately in the second hearing in the 2014 hearing petitioner testifies and as I understand the record contrary to the BIA's assertion does offer direct rebuttal testimony as to whether he watched those videos that she testified he watched and then the IJ concludes that he was crediting his testimony that he did not how is that not a credibility finding because the IJ   weight that the FBI does at particular times precisely that is the very point Mr. Smullo it is the weight that the fact finder on the scene gives to the people appearing before him or her and here looking at the two he says I think this one is more believable so I credit that testimony I think this one is less believable so I don't credit that testimony I have diametrically opposed assertions I have to pick one I pick A not B how is it clear error for the IJ to do that and not just you know the BIA not liken it and saying I wish you said B which they are not free to do under the clear error standard setting aside the clear error standard for a moment if I could had the IJ issued an adverse credibility finding as to Chapman and yes the board would have had to find clear error to reverse that the IJ did not do so and understanding and this gets a little bit tricky in the board Hold on let me make sure I understand are you saying that there were special words that the IJ had to say I'm making an adverse credibility finding here and I'm making a positive credibility finding here it's not enough for the IJ to say I heard this and believed it I heard that and I didn't believe it yes I'm saying that under the INA it's unique the Congress has somewhat legislated credibility findings Where is that in the law that the words adverse credibility finding or something akin to it have to be inserted in the IJ's decision making in order for the clearly erroneous standard to kick in. I believe generally your honor it is 12 this is 8 United States code title 8 section 12 29 A C4 B I believe that C4 should certainly not be   the IJ's   in order for the credibility standard to be included in the IJ's decision making in order for the credibility standard to be included in the IJ's decision   order for the   to be included in the IJ's decision making in order for the credibility standard to be included in the IJ's decision order for the IJ's decision making   the IJ's decision to be included in the IJ's decision to be included in the IJ's decision order for the IJ's  to be included   IJ's decision making order the IJ's decision making order for the IJ's decision to be included in the IJ's    for      for the IG's decision and will not be included in the IJ's decision making process. We    included  the    process. We will not be included in the IJ's decision making process. We will not